SOTO, DEMANDANTE Y APELANTE, *v.* ORTIZ, DEMANDADA Y
APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito de divorcio.

No. 1865.—Resuelto en febrero 7, 1919.

DIVORCIO—RECONCILIACIÓN—NUEVO JUICIO—CAUSAS ANTERIORES.—En caso de re-
conciliación, el demandante no podrá ejercitar o continuar ejercitando la
acción que tuviere, pero queda en libertad de promover nuevo juicio por
motivos ocurridos después de la reconciliación y, en tal caso, podrá alegar
las anteriores causas para corroborar su nueva acción. Art. 172 del Código
Civil Revisado.

Los hechos están expresados en la opinión.
Abogado de la apelante: *Sr. Enrique Campillo.*
Abogado de la apelada: *Sr. Sandalio Torres Monge.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

José Soto entabló demanda de divorcio contra su esposa
Isabel Ortiz, alegando como causa para ello el trato cruel y
las injurias graves. La demandada negó los hechos de la
demanda que la perjudicaban y formuló reconvención soli-
citando también el divorcio por trato cruel e injurias graves
del marido para con ella. Se celebró la vista. Ambas partes
practicaron su prueba. Y la corte finalmente dictó sentencia

desestimando la demanda y la reconvención. Contra esa sentencia apeló el demandante y su recurso es el que estamos considerando y resolviendo.

Mientras se celebraba la vista ocurrió lo que sigue:

"*Juez:* La corte se ve en el caso de no admitir prueba con respecto a la alegación sexta porque según la séptima, esta ofensa ha sido perdonada por el demandante, y si la acción de divorcio se basara sobre esta causa de acción estaría extinguida con arreglo al artículo 171 del Código, porque después de haber ocurrido eso ha habido perdón, la reconciliación, y esa reconciliación extinguiría el divorcio por esa causa; de modo que tenemos que limitarnos a las alegaciones contenidas en los párrafos 8 y 9 de la demanda.

"*Demandante:* Esta parte toma excepción de la resolución de la corte por entender que aunque la disposición del artículo citado por el Honorable Juez puede ser en cuanto al hecho de la reconciliación un hecho que no puede ser aducido como prueba directa y como un hecho esencial para la acción ejercitada, creemos que es necesario para poder demostrar el carácter de la demandada en este caso."

En efecto en el hecho sexto de la demanda se imputa a la demandada que sin causa ni motivo justificado tiró encima al demandante un caldero de agua hirviendo produciéndole una quemadura, y en el hecho séptimo se alega que la demandada volvió después al hogar al parecer arrepentida y que el demandante la perdonó.

Pero el apelante sostiene en su alegato que si bien el artículo 171 del Código Civil prescribe que la acción de divorcio se extinguirá por la reconciliación de las partes, ocurrida, bien después de los hechos que le sirvan de fundamento, o bien después de haber sido ejercitada judicialmente dicha acción, es lo cierto que el propio Código en su siguiente artículo también prescribe que en caso de reconciliación, el demandante no podrá ejercitar o continuar ejercitando la acción que tuviere, pero queda en libertad de promover nuevo juicio por motivos ocurridos después de la reconciliación, y *en tal caso podrá alegar las anteriores causas para corroborar su nueva acción.*

Y el demandante alega, como así es en efecto, que en su

demanda se consignaron hechos ocurridos con posterioridad
a la reconciliación por sí mismos constitutivos de una causa
legal para el divorcio, y que siendo esto así, la corte erró
al no permitirle presentar prueba sobre los hechos ocurridos
con anterioridad a la reconciliación.

Aunque los motivos de la excepción no se expusieron con
absoluta claridad, ya que el artículo 172 del Código Civil
debió haber sido invocado por el apelante, creemos que se
proporcionó a la corte una base suficiente para resolver la
cuestión y que siendo su resolución contraria a la ley, pre-
cisa revocar su sentencia, concediéndose la celebración de un
nuevo juicio.

> *Revocada la sentencia apelada y concedida la*
> *celebración de un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, Aldrey y Hutchison.